[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12660

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT SHAPIRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20178-CMA-1

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Shapiro appeals following the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion based on the finding that Shapiro did not establish that extraordinary and compelling reasons existed to grant the motion, and even if they did exist, that the 18 U.S.C. § 3553(a) sentencing factors did not weigh in favor of granting the motion. On appeal, Shapiro challenges these findings and argues that the district court's order failed to adequately explain its reasoning. In response, the government moves for summary affirmance.[1] After review, we grant the government's motion and summarily affirm the district court's denial of Shapiro's motion for a sentence reduction.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review for an abuse of discretion a district court's denial of a prisoner's § 3582(c)(1)(A) motion for a sentence reduction. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court

---

[1] The government also moved to stay the briefing schedule, but the filing of the motion for summary affirmance necessarily stayed the briefing schedule. *See* 11th Cir. R. 31-1(c). As such, we deny as moot the government's motion in that respect.

abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). As relevant here, the statute now allows a district court to reduce a sentence for extraordinary and compelling reasons pursuant to § 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A)(i).

A district court may grant a motion for a sentence reduction if: (1) extraordinary and compelling reasons warrant a reduction; (2) the reduction would be consistent with U.S.S.G. § 1B1.13's policy statements; and (3) the § 3553(a) factors weigh in favor of the reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). When the district court finds that one of these three prongs is not met, it need not examine the other prongs. *Id.*; *see also United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021).

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence.

18 U.S.C. § 3553(a).  The district court need not address in its order each of the § 3553(a) factors or all the mitigating evidence.  *Tinker*, 14 F.4th at 1241.  Instead, the court's acknowledgement that it considered all applicable § 3553(a) factors and the parties' arguments, along with "enough analysis that meaningful appellate review of the factors' application can take place," is sufficient.  *Id*. at 1240-41 (internal quotation marks omitted).  The weight given to any § 3553(a) factor is within the district court's discretion.  *Id*. at 1241.

Here, we grant the government's motion for summary affirmance because its position is clearly correct as a matter of law. *Groendyke Transp., Inc.*, 406 F.2d at 1162.  The district court's finding that the § 3553(a) factors weighed against Shapiro's release was enough to preclude relief because the court was required to find that all necessary conditions were satisfied before it granted a reduction under § 3582(c)(1)(A).  *Tinker*, 14 F.4th at 1237, 1240; *Giron*, 15 F.4th at 1345.  Additionally, the court sufficiently explained the foregoing reasons for denying the motion and clearly indicated that it had considered the § 3553(a) factors, even listing the factors it believed weighed against Shapiro's early release.  Thus, whether Shapiro demonstrated "extraordinary and compelling" reasons is immaterial because the district court found that the § 3553(a) factors did not warrant early release, and it did not abuse its discretion in making that finding.  *Tinker*, 14 F.4th at 1240.

Thus, the district court's denial of Shapiro's motion for a sentence reduction is **AFFIRMED.**